IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RHONDA EUBANKS, | : | CIVIL ACTION NO. **1:CV-13-2050** |
| Plaintiff | : | (Chief Judge Kane) |
| v. | : | (Magistrate Judge Blewitt) |
| YOUNG WOMEN'S CHRISTIAN ASSOCIATION, *et al.*, | : | |
| Defendants | : | |

## **REPORT AND RECOMMENDATION**

**I.    BACKGROUND.**

On July 30, 2013, Plaintiff Rhonda Eubanks,[1] an inmate at SCI Muncy, Muncy, Pennsylvania, filed, *pro se*, this action on a 4-page form civil rights Complaint, under 42 U.S.C. §1983.[2] Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis* and an Authorization that same day. (Docs. 2 & 3).    On August 1, 2013, the Clerk of Court issued an Administrative Order to the

---

[1] We note that Plaintiff Eubanks filed three separate §1983 Complaints at the same time. Initially, the Clerk of Court incorrectly docketed Plaintiff's cases together, as one action. Under our instruction, the Clerk properly filed Plaintiff's other two Complaints into separate actions. *See* Civil No. 1:13-CV-2054, M.D. Pa.; Civil No. 1:13-CV-2055, M.D. Pa.    Plaintiff 's other two cases are not yet ready to be screened under the PLRA since she did not file the proper *in forma pauperis* Motions and Authorizations.

[2] We note that Plaintiff Eubanks checked on her form Complaint that it was to be filed under both 42 U.S.C. §1983, against state officials, and under 28 U.S.C. §1331, against federal officials.  However, Plaintiff 's Complaint is clearly not against any federal officials and it is not a *Bivens* civil rights action as Plaintiff, in part, indicates. *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999 (1971).   This case is not a *Bivens* action because Plaintiff is not seeking monetary damages from **federal officials** for alleged violations of her constitutional rights. *See Oriakhi v. Wood*, 2006 WL 859543, * 1, n. 1 (M.D. Pa.); *Conway v. Lindsay*, 2009 WL 1956282 (M.D. Pa.).

Warden of SCI-Muncy directing a certified copy of the inmate's trust fund account be submitted, so as to evaluate the Motion to Proceed *in forma pauperis*, and directing the Warden to remit from Plaintiff 's inmate account the full filing fee in monthly installments. (Doc. 5).

Named as Defendants in the Complaint are the Young Women's Christian Association ("YWCA"), the YWCA of Greater Harrisburg, and the Harrisburg Police Department. (Doc. 1, pp. 1-2).

## II. ALLEGATIONS OF COMPLAINT (DOC. 1).

In the Statement of Claim of Plaintiff's present Complaint, Doc. 1, p. 2, Plaintiff simply states, "[i]llegal eviction and spraying of mace into my eyes."

As relief in her Complaint, Plaintiff requests that Defendants:

Pay all court cost.
Pay all hospital bills.[3]
Pay all attorney Cost.
Settlement of 25 million dollars in cash.

(Doc. 1, p. 3).

In her Complaint, Plaintiff indicates that she has not exhausted administrative remedies as related to her claims. (Doc. 1, p. 2). However, we find that because Plaintiff is not complaining about conditions of confinement at SCI-Muncy, and she has not named Defendants who are employed by SCI-Muncy and alleging that prison officials violated her constitutional rights, the DOC

---

[3]Although Plaintiff seeks the payment of her hospital bills as relief, she makes no further mention of any hospital stay or medical treatment in her Complaint. Also, we note that while Plaintiff seeks attorney's fees, she is proceeding *pro se*.

2

administrative remedy process does not apply to her claims.[4]

As mentioned, Plaintiff requests, in part, money damages for the alleged violations of her constitutional rights in the amount of twenty-five (25) million dollars in cash.[5]

We will now screen Plaintiff's **Document 1** Complaint as required by the Prison Litigation Reform Act. *See Banks v. County of Allegheny*, 568, F.Supp.2d 579, 587-88 (W.D. Pa. 2008).

### III. STANDARDS OF REVIEW.

#### A. PLRA

As stated, Plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 2). The Prison Litigation Reform Act of 1995,[6] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Specifically, Section 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

---

[4]In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prisons conditions, including civil rights actions or actions brought pursuant to any other federal law. The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id*.

[5]Plaintiff's requests for specific amounts of monetary damages (Doc. 1, p. 3) should be stricken. Since Plaintiff seeks unliquidated damages, he cannot claim specific sums of relief. Pursuant to Local Rule 8.1, M.D. Pa., Plaintiff's requests for specific monetary damages should be stricken from her Complaint. *See Stuckey v. Ross*, Civil No. 05-2354, M.D. Pa., 1-9-06 Order, J. McClure; *Said v. Donate*, Civil No. 07-1550, M.D. Pa.

[6]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

3

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

### B. 42 U.S.C. § 1983

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); s*ee also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Slater v.Susquehanna County*, 613 F. Supp. 2d 653, 660 (M.D. Pa. 2009) (citations omitted); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007) ("only those who act under color of state law are liable to suit under section 1983."). "In order to satisfy the second prong [of a §1983 civil rights action], a Defendant does not have to be a state official, but can also be held liable as a state actor." *Slater v. Susquehanna County*, 613 F. Supp. 2d at 660(citations omitted).

It is well-established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362

(1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id*. Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id*. As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons. *Id*. Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208.

The Court uses the same standard to screen a complaint as it does for a 12(b)(6) motion to dismiss. *See Tourscher v. McCullough,* 184 F.3d 236, 240 (3d Cir. 1999).

### C. *Motion to Dismiss*

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United

States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).

[D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
*Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal

> conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (*quoting Twombly,* 550 U.S. at 555) (not precedential).

## IV. DISCUSSION.

### 1. *Improper Defendants*

Since Defendant Harrisburg Police Department is an agent of the municipality, *i.e.*, Harrisburg City, the standards annunciated in *Monell* apply. We find that Plaintiff has not stated a claim against Defendant Harrisburg Police Department under *Monell*. Defendant Harrisburg Police Department is located 123 Walnut Street, in Harrisburg, Dauphin County, PA. The City of Harrisburg cannot be held liable for the conduct of employees in agencies within the city control, such as the Harrisburg Police Department, pursuant to *respondeat superior*. *Brickell v. Clinton County Prison Bd.*, 658 F.Supp. 2d 621, 626-27 (M.D. Pa. 2009). Rather, Harrisburg is subject to liability in a §1983 action to the extent it maintained an unconstitutional custom or policy that caused the constitutional violations alleged by Plaintiff. *Id.*(citation omitted). In order for Plaintiff to successfully allege a constitutional claim under §1983 against Defendant Harrisburg Police Department, she must raise a *Monell* claim alleging that Harrsiburg is a governmental entity and thus a "person" under §1983 and, alleging that either a policy or lack of policy of the City of Harrisburg led to the violation of the Plaintiff's constitutional rights by the Harrisburg Police Department. *See Monell v. New York Dept. of Social Servs.*, *supra*; *see also Kokinda v. Breiner*, 557 F. Supp. 2d 581, 587 (M.D. Pa. 2008). In *Kokinda,* 557 F. Supp. 2d at 587, the Court stated:

> Under *Monell*, "municipalities and other local government units are among those "persons" to whom Section 1983 applies." *Malles v. Lehigh County*,

> 639 F. Supp. 2d 566, 576 (E.D. Pa. 2009). As the Court in *Malles v. Lehigh County*, 639 F. Supp. 2d at 576, stated:
> According to the teaching of *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L. Ed. 2d 611 (1978), Lehigh County "can be sued directly under §1983 ... [when] the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation or decision officially adopted and promulgated by [Lehigh County's] officers" or where the constitutional deprivations occurred pursuant to governmental custom. *Monell*, 436 U.S. at 690.

Therefore, in order to properly state a §1983 claim against Defendant Harrisburg Police Department, Plaintiff must not only allege that the City of Harrisburg qualifies as a governmental entity and thus is a person under §1983 standards, but Plaintiff must also must allege that it unconstitutionally implemented or executed a policy statement, ordinance, regulation, decision or custom leading to the stated violations of her constitutional rights. As mentioned, Plaintiff simply alleges, "[i]llegal eviction and spraying mace into my eyes." We find that Plaintiff has not even properly stated that any member of the Harrisburg Police Department violated any of her constitutional rights. Thus, we find that Plaintiff has failed to properly state a claim against Defendant Harrisburg Police Department and the City of Harrisburg, as required by *Monell*, in her Complaint. Based on *Kokinda* and *Malles*, we find Plaintiff's allegations do not sufficiently state that Defendant Harrisburg Police Department and the City of Harrisburg caused any alleged constitutional violation by having customs, policies, practices and procedures, and how these policies gave rise to the violation of her constitutional rights.

Also, we find that Plaintiff's municipal liability claim to the extent it is against Harrisburg under *Monell* fails since Plaintiff failed to state a cognizable constitutional claim against any individual of the Harrisburg Police Defendant. *See Deninno v. Municipality of Penn Hills*, 269

Fed.Appx. 153, 158 (3d Cir. 2008)("Even more fundamentally, there can be no municipal liability here because we have determined that none of the individual Defendants violated the Constitution.").

The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless the Court finds bad faith, undue delay, prejudice, or futility. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002); *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004). Based on the above discussion, we do not find futility at this stage of the case in granting Plaintiff leave to amend her claims against Defendant Harrisburg Police Department and the City of Harrisburg. Thus, we will recommend that Defendant Harrisburg Police Department be dismissed without prejudice.

Furthermore, we find that neither Defendants YWCA nor the YWCA of Greater Harrisburg are "state actors" as required by §1983, and therefore, these Defendants should be dismissed from the instant case. We take judicial notice of the YWCA's official website, which expressly states that the YWCA is a "Nonprofit Organization."[7] Defendants YWCA and YWCA of Greater Harrisburg, private non-profit organizations, should be dismissed since they are not state agencies liable to suit in a §1983 action. Generally, a private company or organization, *i.e.*, Defendants YWCA and YWCA of Greater Harrisburg, is not a state agency. *See Shirazi v. Palissery*, Civil No. 11-0141, M.D. Pa.; *Conway v. King Pharmaceuticals, Inc.*, 2008 WL 4128088, * 1 (M.D. Pa.)(A private company is not an appropriate defendant in a § 1983 civil rights action because it is not acting under color

---

[7] The YWCA can be accessed at http://www.ywca.org/site/c.cuIRJ7NTKrLaG/b.7515807/k.2737/YWCA__Eliminating_Racism_Empowering_Women.htm.

9

of state law.)(citations omitted); *Jacobowitz v. M&T Mortgage Corporation*, *372* Fed. Appx. at 227 (M&T Mortgage Corporation was not a state agency). As such, Defendants YWCA and YWCA of Greater Harrisburg are not proper Defendants under §1983. *See Jacobowitz, supra*; *Shirazi v. Palissery*, Civil No. 11-0141, M.D. Pa.

Thus, we will recommend that Defendants YWCA and YWCA of Greater Harrisburg be dismissed from this case with prejudice. The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless the Court finds bad faith, undue delay, prejudice, or futility. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002); *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004). However, based on well-settled law, we find futility in granting Plaintiff leave to amend her claims against Defendants YWCA and YWCA of Greater Harrisburg.

Furthermore, Courts have traditionally utilized four tests to determine if a private party constitutes a "state actor" under Section 1983. The first is the so-called "close nexus test", which finds state action when there is a sufficiently close nexus between the state and the private party or the action of that party such that the private party may fairly be treated as the state itself. *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982). Second is the "symbiotic relationship test", where "the state has so far insinuated itself into a position of interdependence [with the private party] that it must be recognized as a joint participant in the challenged activity." *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 725 (1961). Third, the simple "joint action test", which examines whether the private party is a "willful participant in joint action with the State or its agents." *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 941 (1982). Finally, is the "public function test", in which the court

10

determines whether a private party has been delegated a power, which is traditionally and exclusively reserved to the State. *Terry v. Adams*, 345 U.S. 461, 468-470 (1953).

Presently, Plaintiff has not alleged the involvement of Defendants YWCA and YWCA of Greater Harrisburg with respect to the violation of any constitutional right. Nor has she alleged that the YWCA meets the criteria of any of the four traditional state actor tests. Based on the Complaint's deficiencies, we will recommend that Defendants YWCA and YWCA of Greater Harrisburg be dismissed with prejudice. *See Jermano v. Taylor*, 2013 WL 1316970, *3 (E.D. Mich. Feb. 28, 2013) (finding that the YWCA should be dismissed as a Defendant in a §1983 suit because they could not be fairly said to be acting under the color of state law).

Thus, we find that Plaintiff 's instant Complaint fails to state any cognizable constitutional claim against a proper Defendant. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005)("A[n individual government] Defendant in a civil rights action must have personal involvement in the alleged wrongdoing ... .")(quoting *Rode*, 845 F.2d at 1207).

Accordingly, we will recommend that the claims against Defendant Harrisburg Police Department be dismissed without prejudice from this case. Based upon the above, we will recommend Plaintiff be granted to leave to amend her Complaint in order to state a proper *Monell* claim against Defendant Harrisburg Police Department. We will recommend that Defendants YWCA and YWCA of Greater Harrisburg, however, be dismissed with prejudice as we find futility in granting Plaintiff leave to amend with respect to these Defendants.

2.  ***Excessive Force Claim***

We liberally construe Plaintiff's Complaint, stating "spraying of mace in my eyes," to make raise a claim for excessive force in violation of the Fourth Amendment against Defendant Harrisburg Police Department. The standard governing excessive force claims in the course of an arrest, investigatory stop or other type of seizure is specified by the United States Supreme Court in *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865 (1989). Pursuant to *Graham*, excessive force claims are analyzed under the Fourth Amendment's objective reasonableness standard. *Id*. Thus, because Plaintiff's claim appears to stem from either her arrest or eviction, Plaintiff's excessive force claim must be considered under the Fourth Amendment's reasonableness standard.

"A claim for excessive force under the Fourth Amendment requires a plaintiff to show that a seizure occurred and that it was unreasonable. *Curley v. Klem*, 298 F.3d 271, 279 (3d. Cir. 2002); *Rivas v. City of Passaic*, 365 F.3d 181 (3d. Cir. 2004). A seizure of the plaintiff occurs "[w]henever an officer restrains the freedom of [the plaintiff] to walk away." *Tennessee v. Garner*, 471 U.S. 1, 7, 105 S.Ct. 1694 (1985). In the present case, we find that Plaintiff does not allege sufficient facts to sustain a claim for excessive force.

The Third Circuit in *Rivas v. City of Passaic*, 365 F.3d 181, 198 (3d Cir. 2004)[8] stated:

> An excessive force claim must be evaluated "from the perspective
> of a reasonable officer on the scene, rather than with the 20/20
> vision of hindsight" and "must embody the allowance for the
> fact that police officers are often forced to make split-second
> judgments -- in circumstances that are often tense, uncertain, and
> rapidly evolving -- about the amount of force that is necessary in
> a particular situation." *Graham*, 490 U.S. at 396-97, 109 S.Ct. 1865.

---

[8]*Rivas* is also found at 2004 WL 877645.

> The inquiry turns on "objective reasonableness," meaning that the standard is whether the police officer's "actions [were] 'objectively reasonable' in light of the facts and circumstances" facing the officer, regardless of the officer's intent or motivation. *Id.* at 397, 109 S.Ct. 1865.

In the context of a §1983 claim, as we are presented with in this case, there is a three-part test to be applied in determining the reasonableness of the force which was used. The following factors are to be considered:

1. "the severity of the crime at issue;"

2. "whether the suspect poses an immediate threat to the safety of the officers or others;" and

3. "whether [the arrestee] is actively resisting arrest or attempting to evade arrest by flight. "

*Graham,* 490 U.S. at 396, 109 S.Ct. at 1867.

The *Rivas* Court stated that:

> Additional factors include "the possibility that the persons subject to the police action are themselves violent or dangerous, the duration of the action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time." *Sharrar v. Felsing*, 128 F.3d 810, 822 (3d Cir. 1997). The reasonableness of the use of force is normally an issue for the jury. *See Abraham v. Raso*, 183 F.3d 279, 290 (3d Cir. 1999). While some courts "freeze the time frame" and consider only the facts and circumstances at the precise moment that excessive force is applied, other courts, including this one, have considered all of the relevant facts and circumstances leading up to the time that the officers allegedly used excessive force. *See, e.g., Abraham*, 183 F.3d at 291.

*Rivas*, 365 F.3d at 198.

Careful attention to the facts and circumstances of each particular case must be given, including the aforementioned three factors. *Graham,* 490 U.S. at 396. In analyzing these three factors in relation to the aforementioned facts, we find that Plaintiff has not sufficiently alleged her Fourth Amendment excessive force claim against Defendant Harrisburg Police Department. Also, Plaintiff has not properly alleged that the force used on her was unreasonable.

Thus, we will recommend that Plaintiff's Fourth Amendment excessive force claim against Defendant Harrisburg Police Department be dismissed without prejudice, so that Plaintiff may amend her Complaint to properly make out a claim. *See Grayson, supra.*

### 3. *State Law Claim*

We also liberally construe Plaintiff's claim for "illegal eviction" as a state law claim, which should be dismissed from the instant civil rights action. It is well settled law that federal courts typically "[lack] subject matter jurisdiction over state eviction actions or other landlord-tenant matters." *Senior v. University Towers Associates*, 2008 WL 649713, *3 (E.D.N.Y. March 10, 2008); *United Mut. Houses, L.P. v. Andujar*, 230 F. Supp.2d 349, 352-353 (S.D.N.Y. 2002); *see also Evans v. Sentry Property Management Corp.*, 852 F. Supp. 71, 72 (D. Mass. 1994) (remanding case because Complaint was based only on violations of state landlord/tenant law, and did not establish that federal law created the cause of action). Therefore, Plaintiff's claim for eviction does not implicate her civil rights, and is not cognizable under § 1983. *See Thompson v. Union County Div. Of Social Services*, 2010 WL 457742, *2 (D. N.J. Feb. 5, 2010) ("The eviction alleged does not constitute a constitutional deprivation for which he can assert a § 1983 cause of action.").

In accordance with the well-settled principles, and out of respect for judicial comity, we will recommend that the Plaintiff's state law eviction claim be dismissed without prejudice, so that she may file an appropriate state law action in the Dauphin County Court of Common Pleas.

**V.    RECOMMENDATION.**

Based on the foregoing, it is respectfully recommended that:

**(1)** Plaintiff's Fourth Amendment excessive force claim against Defendant Harrisburg Police Department be dismissed without prejudice so that Plaintiff may amend her Complaint with regard to this claim.

**(2)** Defendants YWCA and YWCA of Greater Harrisburg be dismissed with prejudice, as they are not "state actors" under Section 1983, and thus cannot be held liable in the present action.

**(3)** Plaintiff's state law claim for "illegal eviction" be dismissed without prejudice to file an appropriate state law action in the Dauphin County Court of Common Pleas as it is a state law claim, and not a cognizable constitutional claim under Section 1983.

**(4)** The Court remand this case to the undersigned for further proceedings.

   s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: August 7, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RHONDA EUBANKS, : CIVIL ACTION NO. **1:CV-13-2050**
:
Plaintiff : (Chief Judge Kane)
:
v. : (Magistrate Judge Blewitt)
:
YOUNG WOMEN'S CHRISTIAN :
ASSOCIATION, *et al.*, :
:
Defendants :

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **August 7, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely Objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.


                                               **s/ Thomas M. Blewitt**
                                               **THOMAS M. BLEWITT**
                                               **United States Magistrate Judge**


**Dated: August 7, 2013**