IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RHONDA EUBANKS, | : | CIVIL ACTION NO. **1:CV-13-2050** |
| Plaintiff | : | (Judge Kane) |
| v. | : | (Magistrate Judge Blewitt) |
| HARRISBURG POLICE DEPT., | : | |
| Defendant | : | |

## **REPORT AND RECOMMENDATION**

**I.    BACKGROUND.**

On July 30, 2013, Plaintiff Rhonda Eubanks,[1] an inmate at SCI-Muncy, Muncy, Pennsylvania, filed, *pro se*, this action on a 4-page form civil rights Complaint, under 42 U.S.C. §1983.[2]  Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis* and an Authorization that same day. (Docs. 2 & 3).  On August 1, 2013, the Clerk of Court issued an Administrative Order to the

---

[1] We note that Plaintiff Eubanks simultaneously filed three separate §1983 Complaints. Initially, the Clerk of Court incorrectly docketed Plaintiff's three cases together, as one action. Under our instruction, the Clerk properly filed Plaintiff's other two Complaints into separate actions. *See* Civil No. 1:13-CV-2054, M.D. Pa.; Civil No. 1:13-CV-2055, M.D. Pa.  Plaintiff's other two cases were dismissed without prejudice since Plaintiff did not pay the filing fee or file the proper *in forma pauperis* Motions and Authorizations as she was ordered to do.

[2] As we previously noted, Plaintiff Eubanks checked on her form Complaint that it was filed under both 42 U.S.C. §1983, against state officials, and under 28 U.S.C. §1331, against federal officials.  However, Plaintiff's Complaint was not against any federal officials and thus, it was not a *Bivens* civil rights action as Plaintiff, in part, indicated. *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999 (1971).  This case is not a *Bivens* action because Plaintiff is not seeking monetary damages from **federal officials** for alleged violations of her constitutional rights. *See Oriakhi v. Wood*, 2006 WL 859543, * 1, n. 1 (M.D. Pa.); *Conway v. Lindsay*, 2009 WL 1956282 (M.D. Pa.).

Warden of SCI-Muncy directing a certified copy of the inmate's trust fund account be submitted, so as to evaluate the Motion to Proceed *in forma pauperis*, and directing the Warden to remit from Plaintiff 's inmate account the full filing fee in monthly installments. (Doc. 5). Subsequently, the Business Manger at SCI-Mucny submitted a copy of Plaintiff's Inmate Account balance indicating the Plaintiff had an account deficit of $9.75 as of August 6, 2013. (Doc. 8).

Named as original Defendants in Plaintiff's Complaint were the Young Women's Christian Association ("YWCA"), the YWCA of Greater Harrisburg, and the Harrisburg Police Department. (Doc. 1, pp. 1-2).

In the Statement of Claim of Plaintiff's Complaint, Doc. 1, p. 2, Plaintiff simply stated, "[i]llegal eviction and spraying of mace into my eyes."

As relief in her Complaint, Plaintiff requested that Defendants:

Pay all court cost.
Pay all hospital bills.[3]
Pay all attorney Cost.
Settlement of 25 million dollars in cash.

(Doc. 1, p. 3).

In her Complaint, Plaintiff indicated that she has not exhausted administrative remedies as related to her claims. (Doc. 1, p. 2). However, since Plaintiff was not complaining about conditions of confinement at SCI-Muncy, and she did not name Defendants who are employed by SCI-Muncy and did not allege that prison officials violated her constitutional rights, we found that the DOC

---

[3]As we previously noted, Plaintiff sought, in part, the payment of her hospital bills as relief, but she did not allege she was injured in any manner requiring hospitalization or medical treatment. Also, we noted that while Plaintiff sought attorney's fees, she is proceeding *pro se*.

administrative remedy process did not apply to her claims.[4]

As mentioned, Plaintiff requested, in part, money damages for the alleged violations of her constitutional rights in the amount of twenty-five (25) million dollars in cash.

We then screened Plaintiff's **Document 1** Complaint on August 7, 2013, as required by the Prison Litigation Reform Act. *See Banks v. County of Allegheny*, 568, F.Supp.2d 579, 587-88 (W.D. Pa. 2008). We issued a Report and Recommendation ("R&R") and recommended as follows:

> **(1)** Plaintiff's Fourth Amendment excessive force claim against Defendant Harrisburg Police Department be dismissed without prejudice so that Plaintiff may amend her Complaint with regard to this claim.
>
> **(2)** Defendants YWCA and YWCA of Greater Harrisburg be dismissed with prejudice, as they are not "state actors" under Section 1983, and thus cannot be held liable in the present action.
>
> **(3)** Plaintiff's state law claim for "illegal eviction" be dismissed without prejudice to file an appropriate state law action in the Dauphin County Court of Common Pleas as it is a state law claim, and not a cognizable constitutional claim under Section 1983.
>
> **(4)** The Court remand this case to the undersigned for further proceedings.

(Doc. 6).

---

[4] In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prisons conditions, including civil rights actions or actions brought pursuant to any other federal law. The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id*.

On September 5, 2013, the Court adopted our R&R. (Doc. 9). The Court dismissed without prejudice Plaintiff's Fourth Amendment excessive force claim against Defendant Harrisburg Police Department and directed Plaintiff to amend her Complaint with regard to this claim within twenty days. The Court dismissed with prejudice Defendants YWCA and YWCA of Greater Harrisburg. The Court also dismissed without prejudice Plaintiff's state law claim for "illegal eviction" so that Plaintiff could file an appropriate state law action in the Dauphin County Court of Common Pleas. Further, the Court remanded this case to the undersigned for further proceedings.

Thus, Plaintiff's Amended Complaint with respect to her Fourth Amendment excessive force claim against Defendant Harrisburg Police Department was due by September 26, 2013. Plaintiff failed to file her Amended Complaint as directed by the Court and she failed to request more time within which to do so. We *sua sponte* gave Plaintiffs an additional six (6) days from September 26, 2013, to file her Amended Complaint. Because Plaintiff failed to file her Amended Complaint as ordered, we will now recommend that this case be dismissed without prejudice for Plaintiff's willful failure to prosecute her case and to abide by the Court's Doc. 9 Order.

**II.    DISCUSSION.**

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to *prosecute* or comply with these rules or *order of court* . . ." Fed.R.Civ.P. 41(b) (emphasis added). *See Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002). In the instant case, Plaintiff has failed to prosecute her action and, has failed to comply with the Doc. 9 Order of this Court by her failure to timely file her Amended Complaint. Plaintiff has taken no action with respect to this

4

case since August 9, 2013, when she filed a 1-sentence letter requesting a copy of her Complaint and the dates of filing deadlines. (Doc. 8). The Court's September 5, 2013 Order provided Plaintiff with her deadline to file her Amended Complaint with respect to her Fourth Amendment excessive force claim against Defendant Harrisburg Police Department and it directed the Clerk of Court to send Plaintiff a copy her original Complaint. As stated, the Court directed Plaintiff to file her Amended Complaint by September 26, 2013. (Doc. 9). We then afforded Plaintiffs *sua sponte*, an additional six (6) days to comply with the Court's Order to file her Amended Complaint. However, Plaintiff failed to timely file her Amended Complaint and, she failed to request an extension of time. Further, Plaintiff has not filed any document with the Court explaining why she failed to comply with the Doc. 9 Order.

We find that the stated behavior of Plaintiff constitutes a willful failure to prosecute her case, as opposed to a situation in which she had problems in pursuing her case, but made efforts to comply with this Court's Order. We find that Plaintiff's "behavior has been so egregious as to make self-evident the factual findings and analysis [of the *Poulis* factors]." *Williams v. Kort*, 223 Fed. Appx. 95, 103 (3d Cir. 2007). We find that due to Plaintiff's willful failure to file her Amended Complaint as directed by the Order from the Court, this case cannot proceed forward.

Rule 41(b) allows for the dismissal of an action where the Plaintiff fails to prosecute or fails to comply with rules or orders of the court. Therefore, we shall recommend that this case be dismissed without prejudice under Rule 41(b) due to Plaintiff's willful failure to prosecute it and due to her willful failure to comply with the Court's Order. Plaintiff should be deemed as abandoning this action. *Id.; see also Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir. 1994); *Guyer*

*v. Beard*, 907 F. 2d 1424 (3d Cir. 1990) (the district court's requirement to perform an analysis under *Poulis* is obviated where Plaintiff's conduct is so egregious as to demonstrate an abandonment of his case).

Even though we find that Plaintiff's conduct clearly shows that she intended to abandon her case, out of an abundance of caution, we analyze the factors of *Poulis v. State Farm Fire & Cas. Co.*, 747 F.3d 863, 868 (3d Cir. 1984), before recommending that this case be dismissed under Rule 41(b).  *See Emerson v. Thiel College*, 296 F.3d at 190.

In *U.S v. $8,221,877.16 in U.S. Currency,* 330 F.3d 141, 161 (3d Cir. 2003)*,* the Court stated that "the sanction of dismissal is disfavored absent the most egregious circumstances.  *See Poulis v. State Farm Fire & Casualty Co., 747* F.2d 863, 867-68 (3d Cir.1984)."  The Court in *U.S v. $8,221,877.16 in U.S. Currency,* 330 F.3d at161-62, then stated that  "six important factors must be weighed by a district court in determining whether the harsh sanction of dismissal is justified:"

> (1) the extent of the party's personal responsibility;
> (2) the prejudice to the adversary caused by the failure to meet
> scheduling orders and respond to discovery; (3) a history of dilatoriness;
> (4) whether the conduct of the party or the attorney was willful or in
> bad faith; (5) the effectiveness of sanctions other than dismissal, which
> entails an analysis of alternative sanctions; and (6) the meritoriousness of
> the claim or defense.

(Citing *Poulis,* 747 F.2d at 868).

In analyzing and balancing all of the *Poulis* factors, we find that Plaintiff's stated conduct in delaying her case is attributed to her personally.  Initially, Plaintiff was required to have filed her Amended Complaint by September 26, 2013. (Doc. 9).  Plaintiff failed to comply with the Court's Order.   We then afforded Plaintiffs, *sua sponte*, an additional six (6) days to comply with the

Court's Order to file her Amended Complaint. To date, Plaintiff has failed to timely file her Amended Complaint and, she failed to request an extension of time. Thus, Plaintiff has not properly filed any amended pleading as directed by the Court's Order.

Plaintiff has failed to comply with the Court's Order, and thus, we shall now recommend that her case be dismissed without prejudice in accordance with Rule 41(b). As stated, this case cannot proceed without Plaintiff's compliance with the Court's Order to file an Amended Complaint. Plaintiff's original Complaint did not state a cognizable Fourth Amendment excessive force claim against Defendant Harrisburg Police Department as required in a S1983 action. Because we shall recommend that Plaintiff's case be dismissed without prejudice and because Plaintiff has not paid the filing fee, we find that other sanctions would not be effective in this case.

As stated, Plaintiff has not properly filed any amended pleading as directed by the Court's Order, and he also has given no indication that she intends to pursue this action. Plaintiff has failed to contact the Court to provide an explanation as to why she failed to comply with its Order.

We also find that Plaintiff has caused prejudice to the remaining Defendant Harrisburg Police Department since it has been named in a federal lawsuit over sixty (60) days ago, and no proper action has been taken against it to date.

Moreover, since Plaintiff has failed to file a proper pleading and has failed to file her Amended Complaint as specified in the Court's September 5, 2013 Order (Doc. 9), it does not appear that Plaintiff has a meritorious claim against Defendant Harrisburg Police Department.

Thus, we find that the *Poulis* factors weigh in favor of dismissing this case without prejudice and that Plaintiff's willful failure to comply with the Court's Order to file her Amended Complaint demonstrates she has abandoned her case.

**III.    RECOMMENDATION.**

Based on the foregoing, it is respectfully recommended that the Plaintiff's case be dismissed without prejudice.   It is also recommended that Plaintiff's *in forma pauperis* Motion (**Doc. 2)** be granted solely for the purpose of filing this action.

     s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: October 3, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RHONDA EUBANKS, | : | CIVIL ACTION NO. **1:CV-13-2050** |
| Plaintiff | : | (Judge Kane) |
| v. | : | (Magistrate Judge Blewitt) |
| HARRISBURG POLICE DEPT., | : | |
| Defendant | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **October 3, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely Objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.


                                            <u>s/ Thomas M. Blewitt</u>
                                            **THOMAS M. BLEWITT**
                                            **United States Magistrate Judge**


**Dated: October 3, 2013**